UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CR-80231-ROSENBERG

UNITED STATES OF AMERICA,

v.

BRYAN PRESTON TODD,

    Defendant.
_____/

ORDER DENYING WITHOUT PREJUDICE
MOTION FOR COMPASSIONATE RELEASE

This cause is before the Court upon Defendant Bryan Preston Todd's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i). DE 49. The Government filed a response in opposition to the Motion and a supplement thereto. DE 53, 55. The Court has carefully reviewed the Motion, the response, and the record, and is otherwise fully advised in the premises.

On April 18, 2018, the Court sentenced Todd to a 188-month term of imprisonment for conspiracy to possess with intent to distribute 100 grams or more of heroin. *See* DE 44. Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the application note. *Id.* § 1B1.13, application note 1(D).

Todd is confined at FCI Oakdale I ("Oakdale"), a low-security facility in Louisiana. Todd first submitted a request for compassionate release to the warden of Oakdale, which was denied.[1] DE 49-1 at 76–77. The Government concedes that Todd exhausted his administrative remedies. DE 53 at 8. Accordingly, the Court considers Todd's request on its merits and concludes that a reduction in sentence is inappropriate in this case.

---

[1] The Acting Warden considered Todd's eligibility for both Compassionate Release under 18 U.S.C. § 3582 and the First Step Act. DE 49-1 at 77.

2

Todd is 44 years old. As "extraordinary and compelling" reasons warranting a sentence reduction, he cites his "chronic care conditions" as putting him at higher risk of COVID-19 complications. The Oakdale warden also sent Todd a memorandum stating that he had been identified as a "high risk concern" under guidance issued by the Centers for Disease Control and Prevention (CDC). Although the memorandum does not specify which conditions were the basis for this classification, the Court's review of Todd's medical records indicates that he has high blood pressure, obesity, and severe sleep apnea. Todd was issued a CPAP machine for treatment of his sleep apnea, and his blood pressure appears to be treated with medication. CDC guidance states that those with obesity are at increased risk of complications and those with hypertension "might be at an increased risk."[2] The Government concedes that Todd's obesity qualifies as a risk factor, DE 55 at 4, and the Court finds that Todd is at elevated risk for complications.

Oakdale was hard hit by the onset of COVID-19 in the United States. Eight inmates died in March 2020, and numerous inmates developed acute symptoms. DE 55 at 3. Of 893 total tests that have been reported by the Bureau of Prisons (BOP), 176 were positive for COVID-19.[3] However, conditions have improved. As of July 6, 2020, BOP reports five confirmed active cases at Oakdale, including one inmate and four staff members.[4] The facility has implemented numerous operational changes to prevent further spread, including:

- Reducing the occupancy per inmate "pod" from six to four to promote social distancing;
- Halting the movement of inmates among pods;

---

[2] *People with Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed July 6, 2020).
[3] *COVID-19*, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed July 6, 2020).
[4] BUREAU OF PRISONS, *supra* note 3.

- Providing cleaning supplies to each pod;

- Providing each inmate with three washable masks, with instructions to wear a mask at all times, especially in community areas;

- Staggering access to the commissary and dining hall, and serving food in an outdoor setting for inmates to bring to their pods to eat; and

- Implementing a proactive regime of testing *all* inmates on a biweekly basis and requiring 14 days of isolation and a negative test result in the event of a confirmed case.[5]

The Court is sympathetic to the health challenges that Todd identifies in his Motion. And the Court understands that he has legitimate concerns about the spread of COVID-19 at Oakdale. However, the Court must view those concerns in conjunction with the facts as best the Court is able to ascertain them. Those facts are that Oakdale has significantly diminished the spread of COVID-19 since March, and the BOP has implemented mitigation measures in accordance with its role to protect the inmates within its facilities. The Court has been presented with no information that would indicate that these measures—especially the proactive testing of all inmates at Oakdale—will be ineffective in reducing Todd's risk of contracting COVID-19.

Regardless of whether Todd's health conditions and the state of affairs at Oakdale otherwise constitute "extraordinary and compelling circumstances," the Court concludes that a sentence modification is not warranted in light of the sentencing factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence). Todd was sentenced to a term of imprisonment at the bottom of his guideline range of 188 to 235 months, and he has served less than 20 percent of that

---

[5] DE 55 at 1–3.

sentence. Further, Todd received a career offender enhancement for two prior felony drug convictions. The Court finds that a sentence reduction is not justified in light of the nature and circumstances of his offense, his history and characteristics, and the need for a sentence that reflects the seriousness of his offense, promotes respect for the law, provides just punishment, and affords adequate deterrence.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Todd's Motion for Compassionate Release [DE 49] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 8th day of July, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant, Counsel of Record